# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 3749 | **DATE** | April 26, 2012 |
| **CASE TITLE** | MANZANARES V. LANDSCAPE CONCEPTS MANAGEMENT, INC., et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' Motion to Dismiss Plaintiff's Complaint as Moot [20] is GRANTED. Case is hereby dismissed with prejudice .

## STATEMENT

Gustavo Manzanares sued his former employer, Landscape Concepts Management, Inc. and the company's president, Michael Kerton, seeking overtime compensation he claims was due under the Illinois Minimum Wage Law and the Fair Labor Standards Act. Manzanares, purporting to represent a class, filed the suit in Illinois state court on April 14, 2010. Defendant removed the action to this court on June 16, 2010 and answered the complaint July 6, 2010, at which point the case entered fact discovery. Before me is a motion to dismiss the matter as moot, on the basis that Defendant has offered the named Plaintiff complete relief prior to the Plaintiff's moving for class certification. For the reasons to follow, the motion is granted.

Plaintiff is a Mexican national who worked in this country on a seasonal basis under an H2-A visa and who has since returned to his hometown in the Mexican state of Zacatecas. The H-2A visa is important, because Defendants' argument from the beginning was that they believed they could not pay Plaintiff (or any other H-2A visa holder) overtime wage rates. Rather, as Defendants put it in their answer:

> in order to compensate Plaintiff in an amount equivalent to the rate of one and one half times his regularly hourly rate for all time worked in excess of forty (40) hours in an individual work week, LCM reflected on LCM payroll records an increased amount of straight time hours that would equal the amount of pay, inclusive of overtime wages, so as to adequately compensate Plaintiff for all time worked in excess of forty (40) hours in an individual work week.

On January 17, 2012, Defendant sought to resolve the matter directly with Plaintiff. The offer purported to grant Plaintiff the "full relief"sought in the complaint, including the following:

> (i) all back wages due as provided by the Illinois minimum wage law, (ii) prejudgment interest

**STATEMENT**

on the back wages in accordance with 815 ILCS 205(2) and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a), (iii) damages in the amount of one and one-half times his regular rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week, (v) [sic] liquidated damages in an amount equal to the amount of unpaid overtime compensation found due and (vi) reasonable attorneys' fees and costs.

The offer expired by its terms two weeks later, on January 31, 2012. Plaintiff did not accept the offer and instead filed his motion for class certification on that very day.

The Seventh Circuit recently reaffirmed that a settlement offer of complete relief moots a case so long as the named Plaintiff has not yet moved for class certification. *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). Defendants argue that the rule of *Damasco* controls this case. Plaintiff counters with two arguments, both of which are unpersuasive.

Plaintiff's first argument is that the offer does not afford complete relief. Specifically, while they effectively concede that the terms of the offer mirror the language in the complaint's prayer for relief, they argue that Defendants' principal defense renders the offer illusory. Plaintiff zeroes in on the first line of relief, which was an offer to pay "all back wages *due as provided by the Illinois wage law*" (emphasis added) and argues that this is an illusory promise because Defendants' position all along has been that they owe no wages. But, as Defendants rightly point out, the very point of a settlement is often to retreat from a prior position and compromise in the hopes of ending a lawsuit. Moreover, Illinois courts (whose contract law applies to the offer in this case) have held substantially similar offers to be sufficiently concrete as to moot a case. *See, e.g., Gatreaux v. DKW Enterprises, LLC*, 958 N.E.2d 1088, 1090-91 (Ill. App. Ct. 2011). Even under the specific circumstances of this case the wages due are readily susceptible to proof in the form of time sheets and pay stubs.

Plaintiff's second argument is that this case is not controlled by *Damasco* because the offer here should properly be viewed as a Rule 68 Offer of Judgment, and the court in *Damasco* expressly withheld judgment on how mootness attaches in the Rule 68 context. *See Damasco*, 662 F.3d at 897. The problem for Plaintiff is that there is no indication that this was a Rule 68 offer. There was no mention of Rule 68 on the face of the letter and no discussion of allowing a judgment to be entered in the case, which is what Rule 68 contemplates. Plaintiff points to the 14-day open period of the offer as evidence that this was a *de facto* Rule 68 offer, but that seems merely coincidental.

As a settlement offer - and not one under Rule 68 - this case comes squarely under the rule of *Damasco* and its predecessor's cases. *See, e.g. Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). The rule announced in those cases is clear: "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Id.*

The motion to dismiss is GRANTED, with prejudice, and this case is terminated.